■ The People of the State of New York, Respondent, v. Israel Colon, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 2, 1970, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The question presented is whether the victim's in-court identification was tainted by an earlier suggestive out-of-court show-up. The victim testified that the robbery incident took about 5 or 10 minutes, during which time he was punched and kicked by his assailants who fled when the police came on the scene. One of the policemen got a glimpse of the assailants' faces and chased them through a schoolyard, down a street and in and out of two apartment houses. At times during the pursuit this officer temporarily lost sight of the assailants although he could always hear them in front of him. When he followed them into the first building he was just 10 to 15 feet behind them. Shortly thereafter they were arrested and within an hour after the crime occurred the police confronted the victim with the two suspects, at which time he identified them both. None of the proceeds of the robbery were found on either of the suspects although the victim's wallet was found when the police retraced the course of the chase. Under the circumstances of this case we feel there was a prompt on-the-scene identification of appellant which was not "so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law" (*Stovall* v. *Denno,* 388 U. S. 293, 302). Since the victim had an opportunity to observe appellant during the robbery, the possibility of mistaken identity is minimal (see *People* v. *Gonzalez,* 27 N Y 2d 53). Accordingly, the victim's in-court identification was not tainted as claimed. We have considered appellant's other contentions and found them to be without merit. Munder, Acting P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ The People of the State of New York, Appellant, v. Vincent De Cicco, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated October 21, 1971, which granted defendant's motion to arrest and set aside a judgment of conviction and to dismiss the indictment charging defendant with criminal contempt in violation of subdivision 4 of section 215.50 of the Penal Law. Order reversed, on the law, motion denied and indictment reinstated. In our opinion, the immunity granted was as broad as the constitutional privilege against self-incrimination and defendant was given proper and adequate notice as to the scope of the immunity granted (*People* v. *Mulligan,* 29 N Y 2d 20; *People* v. *Dellacroce,* 38 A D 2d 210). Munder, Acting P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ The People of the State of New York, Respondent, v. Gustavo Diaz Gonzales, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 30, 1969 on resentence, upon a 1956 conviction of murder in the second degree, upon a plea of guilty, resentencing him to 60 years to life *nunc pro tunc* as March 8, 1956. Judgment modified, in the exercise of discretion, by reducing the sentence to 20 years to life. As so modified, judgment affirmed. In view of appellant's age of about 51 years and the fact that he has served 16 years, without possibility of present parole, we are of the opinion that the sentence should be reduced to a 20-year minimum, so that the matter may now be considered by the Board of Parole. Munder, Acting P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.